IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

MEGAN BRITT                                                              PLAINTIFF

V.                                               CIVIL ACTION NO. 1:17-CV-219-NBB-DAS

MISSISSIPPI FARM BUREAU
CASUALTY INSURANCE CO.,
SOUTHERN FARM BUREAU
LIFE INSURANCE CO., et al.                                              DEFENDANTS

ORDER DENYING MOTION TO STRIKE
AND GRANTING MOTION FOR LEAVE TO AMEND

Megan Britt has sued Mississippi Farm Bureau Casualty Insurance Company and Southern Farm Bureau Life Insurance Company asserting Title VII claims for sex discrimination and retaliation, a state law *McArn* claim relating to the sale of life insurance, and alternatively a claim against these defendants alleging the breach of the obligation of good faith and fair dealing. These defendants have both filed motions to dismiss under Rule 12(b)(6) asserting that the plaintiff has failed to state a claim against them. The plaintiff admittedly did not name Southern Farm Bureau as her employer in her EEOC complaint and that defendant also seeks dismissal for the failure to exhaust administrative remedies.

As part of her response to the motion to dismiss, the plaintiff has filed a motion for leave to file her second amended complaint. These two defendants oppose the grant of leave to amend, arguing that the proposed amended complaint is still subject to dismissal and therefore futile. The plaintiff filed her reply in support of her motion to amend and Mississippi Farm Bureau moved to strike three portions of that reply. Because of its potential impact on the decision on the underlying motion to amend, the court first addresses the motion to strike.

1

## MOTION TO STRIKE

Mississippi Farm Bureau seeks to have the court strike three matters from the plaintiff's reply:

1. The plaintiff's response to its futility argument regarding the plaintiff's *McArn* claim, asserting that it is not licensed to sell life insurance in Mississippi and therefore can have no liability on this claim because it relates to the sale of life insurance.

2. Any reference to Barry Patton being an employee of Mississippi Farm Bureau, asserting that he is actually employed by a non-party, Southern Farm Bureau Casualty.

3. The third footnote in the plaintiff's reply which asserts there is a "revealing typographical error" in the defendant's brief.

For a variety of reasons, the court finds that the motion should be denied.

Rule 12(f) provides: "The court may strike from pleading … any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). This defendant claims certain factual matters asserted by the plaintiff are known by her or should be known by her to be false. Pleadings are limited to the complaint, an answer to a complaint, an answer to a counterclaim or crossclaim, a third-party to a complaint; and if allowed by the court a reply to an answer. Fed.R.Civ.P. 7(a). The plaintiff's reply in support of the motion to amend is not a pleading within the definition of Rule 7. Rule 12(f) therefore does not apply to the reply. *U.S. v. Coney*, 689 F. 3d 365, 380 (5th Cir. 2012).

Furthermore, motions to strike are not favored --they constitute a drastic remedy and are difficult to decide on a limited record. *Conn v U.S.*, 823 F. Supp. 2d 441, 443-44 (S.D. Miss. 2011); *U.S. ex rel. King v. Solvay, S.A.,* 304 F.R.D. 507 (S.D.Tex. 2015). Additionally, the defendant is attempting to impose some type of summary fact finding procedure as a prerequisite to granting to the motion to amend. Any attempt to attack the plaintiff's complaint based on an

assertion that it includes erroneous or false factual allegations would be through summary judgment, not by means of a motion to strike. *Hagy v. Am. Honda Motor Co.,* 125 F. Supp. 2d 456 (W. D. Okla. 2000).

Mississippi Farm Bureau suggests that the court can resolve its motion to strike by taking judicial notice of its licensing with the State of Mississippi, in connection with the plaintiff's *McArn* claim. It also suggests that the court take judicial notice that Barry Patton is not an employee of Mississippi Farm Bureau based on his representation in filings in this action that he is employed by Southern Farm Bureau Casualty, who is not a party to this action. To the extent that judicial notice may be appropriate to the motion to dismiss, the request should be addressed to the district judge in connection with that motion.

Mississippi Farm Bureau has taken umbrage at comments about a "revealing typographic" error in the defendant's briefing. Even if this document were a pleading, pleadings are not scandalous merely because they may offend the sensibilities of a party or their counsel, if relevant to the issue in controversy and minimally support by the record. *In re Gitto Global Corp.,* 422 F. 3d 112 (1st Cir. 2005).

Accordingly, the motion to strike should be denied.

## MOTION TO AMEND

In deciding whether to grant the motion to amend the court must recognize that motions to amend are liberally granted. *Dussouy v. Gulf Coast Inv. Corp.,* 660 F.2d 594, 597–98 (5th Cir.1981); *Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.,* 690 F.2d 1157, 1163 (5th Cir.1982) ("district court[s] should err on the side of allowing amendment"). However, the court may in its discretion deny a motion to amend if it is futile, with futility determined under 'the same standard of legal sufficiency as applies under Rule 12(b)(6).' *Stripling v. Jordan Prod.*

*Co.,* 234 F.3d 863, 873 (5th Cir.2000) (quoting *Shane v. Fauver,* 213 F.3d 113, 115 (3d Cir.2000); *Gen. Elec. Cap. Corp. v. Lease Resolution Corp.,* 128 F.3d 1074, 1085 (7th Cir.1997); *Glassman v. Computervision Corp.,* 90 F.3d 617, 623 (1st Cir.1996).

It appears to this court that the proposed amended complaint has at least arguably cured some of the defects pointed out in the two pending motions to dismiss and may well change the decision on those motions. Even if the proposed amendment may not completely defeat the motions, the court does not find that the amendment is futile. Additionally, given that the courts typically do not dismiss complaints with prejudice absent an incurable defect in the pleadings or the failure to correct the pleadings after "repeated opportunities," *Hart v. Bayer*, 199 F.3d 239, 247 n. 6 (5th Cir. 2000), the court finds that allowance of the proposed amendment at this juncture may expedite resolution of the motions to dismiss.

IT IS, THEREFORE, ORDERED as follows:

1. The motion of Mississippi Farm Bureau to strike portions of the plaintiff's reply in support of her motion to amend is denied.

2. The plaintiff's motion to amend is granted. The amended complaint shall be filed within seven days of this order.

SO ORDERED this the 13th day of July, 2018.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE