**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**MEGAN BRITT**                                                                                               **PLAINTIFF**

**V.**                                        **CIVIL ACTION NO.: 1:17-cv-00219-NBB-DAS**

**MISSISSIPPI FARM BUREAU CASUALTY
INSURANCE COMPANY, ET AL.**                                      **DEFENDANTS**

**ORDER GRANTING MOTION FOR
LEAVE TO RECONVENE PLAINTIFF'S DEPOSITION**

On July 6, 2020, Southern Farm Bureau Life Insurance Company and Mississippi Farm Bureau Casualty Insurance Company ("the defendants") filed a motion for leave to reconvene the plaintiff's deposition. Docket 207, 208. The court previously granted the defendants' request for additional time to continue deposing the plaintiff and extended the discovery period through August 26, 2020. The defendants state that over two full days, they were only able to depose the plaintiff for a total of approximately twelve hours, with approximately two hours remaining under the court's ruling granting additional time. The defendants are now requesting an additional seven to fourteen hours in order to conclude the plaintiff's deposition.

Federal Rule of Civil Procedure 30(d)(1) provides that "[u]nless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours" but that "[t]he court must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." Fed. R. Civ. P. 30(d)(1). Rule 26(b)(2) limits the extent of discovery if

(i)   the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
(ii)  the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
(iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26. A showing of "good cause" is required to justify an order granting additional time. *See* Fed.R.Civ.P. 30 advisory committee's notes, 2000 Amendment (party seeking court order to extend examination expected to show "good cause"); *Kleppinger v. Texas Dep't of Transp.*, 283 F.R.D. 330, 333 (S.D. Tex. 2012) (internal citations omitted).

While the defendants claim to have covered much of the content related to the plaintiff's Title VII claim, they request additional time to question the plaintiff regarding her employment status, her *McArn* claim for wrongful termination, and her numerous social media posts, emails, and journal entries produced in discovery. Docket 208. They claim to have avoided cumulative or duplicative questioning by "work[ing] together to streamline questioning" and explain that despite seeking information from numerous sources in discovery, the plaintiff is "is the source of nearly all of the relevant information" related to her claims. Docket 231.

In response, the plaintiff argues that "Defendants have not pointed to anything specific about the [Facebook posts, prayer journal, and emails] that demonstrate good cause to further depose Plaintiff." Docket 218. She claims that the additional discovery sought is unreasonably duplicative and that to allow the defendants to depose her on "every social media post she has made concerning the Defendant since her filing of the lawsuit would make this a never-ending deposition." *Id*.

Contrary to the plaintiff's assertions, the defendants identified a sampling of social media posts containing relevant information about which they seek to question the plaintiff. Docket 208, fn. 1. The court agrees with the plaintiff's contention that the defendants need not depose her regarding every social media post, journal entry, or email; however, the defendants are entitled to question her to determine whether any of the information contained in these documents bears on her claims in this case. Further, the plaintiff's comment that permitting the

defendants to question her regarding "every social media post made concerning the Defendant since her filing of the lawsuit would make this a never-ending deposition," acknowledges that, at a minimum, the posts contain information the defendants are entitled to question her about.

Considering the procedural history outlined by the defendants in their reply brief, the defendants' coordinated efforts thus far to thoroughly yet efficiently question the plaintiff, and the extent of documentation related to the plaintiff's claims, the court finds that good cause exists to further extend the defendants' examination of the plaintiff. The court also finds that the defendants' proposed areas of questioning–the plaintiff's employment status, her *McArn* claim for wrongful termination, and the social media posts, emails, and journal entries produced in discovery–are not unreasonably cumulative or duplicative of testimony obtained thus far. Further, the defendants have not had ample opportunity to obtain information related to these areas of inquiry from the plaintiff or any other source.

Accordingly, the court orders that the defendants may have one additional day under Rule 30(d)(1) to fairly examine the plaintiff on topics relevant to the claims and defenses in this case. The defendants may reconvene the plaintiff's deposition no earlier than 9 a.m. and may continue no later than 6 p.m. This additional time is not in addition to, but includes, the remaining 2 hours under the court's prior ruling.

**SO ORDERED**, this the 10th day of August, 2020.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE