IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

MEGAN BRITT                                                                    PLAINTIFF

V.                                          CIVIL ACTION NO. 1:17CV219-NBB-DAS

MISSISSIPPI FARM BUREAU CASUALTY
INSURANCE COMPANY AND SOUTHERN FARM
BUREAU LIFE INSURANCE COMPANY                                  DEFENDANTS

## ORDER DENYING SUMMARY JUDGMENT

Presently before the court are the motions for summary judgment filed by defendants

Mississippi Farm Bureau Casualty Insurance Company and Southern Farm Bureau Life

Insurance Company.  Upon due consideration of the motions, responses, exhibits, and applicable

authority, the court is ready to rule.

Background and Procedural Posture

The plaintiff alleges that she was an employee of Defendants Mississippi Farm Bureau

Casualty Insurance Company ("MFB") and Southern Farm Bureau Life Insurance Company

("SFB Life") working as an insurance agent in the Columbus, Mississippi Farm Bureau office.

She alleges that Defendants George "Bubba" Cole and Barry Patton, also employees of MFB and

SFB Life, sexually harassed her by making inappropriate sexual comments to her, treated her

differently than her male co-workers, denied her employment benefits, retaliated against her for

reporting the defendants' conduct, covered up their conduct, and ultimately fired her and

replaced her with a male employee.

The plaintiff filed the present action on September 28, 2017, and amended her complaint

shortly thereafter.  The defendants subsequently filed motions to dismiss, but the court later

granted the plaintiff leave to amend her complaint a second time, which she did on July 22, 2018.

The Second Amended Complaint asserts a number of claims under Title VII, an alternative claim for the breach of the duty of good faith and fair dealing were it to be determined that the plaintiff is an independent contractor and therefore not subject to Title VII protection, state law claims against the individual defendants Cole, Patton, Brenda Wheat, and Tina Stapp[1] for intentional interference with contract and business relationships and intentional infliction of emotional distress, a state law claim against MFB and SFB Life for wrongful termination and retaliation under *McArn v. Allied Bruce-Terminix Co., Inc.*, 626 So. 2d 603 (Miss. 1993), and finally a state law defamation claim against Defendant Cole individually for allegedly telling a now-dismissed defendant, Farm Bureau agent Roy Weathers,[2] that the plaintiff threatened Cole with a gun, was emotionally unstable, and was sleeping with Farm Bureau clients.

Defendants MFB, SFB Life, and Cole subsequently filed motions to dismiss the Second Amended Complaint. This court denied the motions to dismiss. Defendant Cole was dismissed by stipulation of the parties thereafter, leaving only MFB and SFB Life as defendants in this action.

In their motions to dismiss, MFB and SFB Life asserted that the plaintiff was an independent contractor and not an employee of the defendants under Title VII. In determining whether there is an employment relationship under Title VII, courts apply a hybrid economic realities and common law control test. *Muhammad v. Dallas County Community Supervision and Corrections Dep't*, 479 F.3d 377, 380 (5th Cir. 2007). "State law is relevant insofar as it

---

[1] Wheat and Stapp were office assistants in the Columbus Farm Bureau office. They were dismissed by stipulation on March 10, 2020, and the court granted the parties' Joint Motion to Dismiss Defendant Barry Patton on the same date.

[2] The plaintiff filed a stipulation of dismissal without prejudice of her claims against Weathers on April 17, 2018, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii).

describes the plaintiff's position, including his duties and the way he is hired, supervised, and fired." *Id.* (quoting *Calderon v. Martin County*, 639 F.2d 271, 273 (5th Cir. 1981)).

In addressing the issue in the motions to dismiss, this court analyzed the plaintiff's allegations of her employment status under *McKee v. Brimmer*, 39 F.3d 94 (5th Cir. 1994), where the Fifth Circuit applied Mississippi law to determine whether a plaintiff was an employee or independent contractor in a general context not specific to Title VII, but the substance of the analysis is the same. "The right to control an employee's conduct is the most important component of this test." *Deal v. State Farm County Mut. Ins. Co. of Texas*, 5 F.3d 117, 119 (5th Cir. 1993). When examining the question of control, courts consider, as this court did at the Rule 12(b) stage of this litigation, "whether the alleged employer has the right to hire and fire the employee, the right to supervise the employee, and the right to set the employee's work schedule." *Id.* "The economic realities component of our test has focused on whether the alleged employer paid the employee's salary, withheld taxes, provided benefits, and set the terms and conditions of employment." *Id.* "At last, and in any given case, it gets back to the original proposition whether in fact the contractor was actually independent." *McKee*, 39 F.3d at 96 (quoting *Richardson v. APAC—Mississippi, Inc.*, 631 So. 2d 143, 148 (Miss. 1994)).

This court found that "[w]hile the defendants contest the plaintiff's general assertion that she was an employee and direct the court to the applicable contract language, they do not contest the relevant underlying factual assertions from the Second Amended Complaint … which the plaintiff uses to establish that Farm Bureau misclassified her as an independent contractor." [Docket 110, p.5]. Based on the plaintiff's well-pleaded allegations, the court determined that Britt met the definition of an employee and could therefore survive Rule 12(b) analysis.

"The 'hybrid economic realities/common law control test' is necessarily a fact-specific inquiry and is therefore typically applied in a summary judgment context." *Muhammad*, 479 F.3d at 382. Britt has now gone beyond the pleadings and the allegations that insured her Rule 12(b) survival and produced evidence that she was an employee of the defendants and not an independent contractor, but the defendants have deliberately failed to address the issue, making only the conclusory statement that "Britt was an independently contracted insurance agent" and "reserv[ing] all rights to contest Britt's assertion that there was an employer/employee relationship between the company and herself in any later proceedings in this case and/or beyond." [Docket 272, n.1]. The defendants' approach to this matter is not in keeping with standard summary judgment procedure, however; nor is the defendants' approach an economic use of judicial resources, and the court deems the matter waived. "Failure to raise an argument before the district court waives that argument." *Fruge v. Amerisure Mut. Ins. Co.*, 663 F.3d 743, 747 (5th Cir. 2011).

The defendants did not move the court to reconsider its ruling on the motions to dismiss; they did not seek to have the court's order denying their motions to dismiss certified for interlocutory appeal; notwithstanding their vague attempt to retain the issue for "later proceedings in this case and/or beyond," they have not apprised the court of their intention to readdress the issue of the employment relationship at the trial of this cause and have refused the more judicially efficient opportunity to address the matter under Rule 56 at this summary judgment stage of the proceedings (and absent a strongly compelling argument as to why they should be allowed to present evidence rebutting Britt's employment status at the trial of this cause, the defendants will be precluded from doing so); and they have twice now – both at the 12(b) stage of this litigation and at the summary judgment stage – failed, or even attempted, to

rebut the plaintiff's assertions and evidence that she is the defendants' employee for the purposes of Title VII. Indeed, the defendants did not even attempt to rebut the plaintiff's argument set forth in her responsive brief to the present motion that the matter of the employment relationship is waived. For these reasons, the court deems Britt an employee of the defendants for Title VII purposes.

### Standard of Review

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the movant makes such a showing, the burden then shifts to the non-movant to "go beyond the pleadings and . . . designate specific facts showing that there is a genuine issue for trial." *Id.* at 324. The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

When deciding a motion for summary judgment, the court must view the underlying facts in the "light most favorable to the party opposing the motion." *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). As such, all reasonable inferences must be drawn in favor of the non-movant. *Id.* Before finding that no genuine issue for trial exists, the court must first be satisfied that no rational trier of fact could find for the non-movant. *Matsushita*, 475 U.S. at 587 (1986). "Summary judgment, although a useful device, must be employed cautiously because it is a final adjudication on the merits." *Jackson v. Cain*, 864 F.2d 1235, 1241 (5th Cir. 1989).

<u>Ruling</u>

The court finds the record before it in this case replete with genuine issues of material fact, including, but not limited to, whether the plaintiff was subjected to ongoing, egregious sexual and gender-based harassment creating a hostile work environment, whether the plaintiff was the victim of gender-based disparate treatment in violation of Title VII, whether the defendants' sexual harassment and training policies were deficient, and whether the plaintiff's employer retaliated against her for engaging in constitutionally-protected activity. Because of the existence of genuine issues of material fact, the court finds that summary judgment is inappropriate in this case. Accordingly, the defendants' motions for summary judgment are hereby **DENIED** in their entirety.

**SO ORDERED AND ADJUDGED** this 22nd day of September, 2021.


 /s/ Neal Biggers _____
NEAL B. BIGGERS, JR.
UNITED STATES DISTRICT JUDGE