# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

**MEGAN BRITT**                                                  **PLAINTIFF**

**V.**                                **CIVIL ACTION NO. 1:17-CV--DAS**

**MISSISSIPPI FARM BUREAU**
**CASUALTY INSURANCE COMPANY**
**AND SOUTHERN FARM BUREAU LIFE**
**INSURANCE COMPANY**                                        **DEFENDANTS**

<u>ORDER</u>

The court held a teleconference with counsel for the parties on this date to resolve the remaining discovery-related objections in the proposed Pretrial Order. After hearing arguments from counsel, the court rules as follows:

1. The plaintiff's exhibit number 14, identified as "Records from Right Track Medical Group – Britt, M. 000225-000280," is removed from the Pretrial Order consistent with the court's ruling at the Final Pretrial Conference on May 16, 2024, that the exhibit was not timely disclosed. Accordingly, the defendants' corresponding objection has also been removed from the Pretrial Order.

2. The plaintiff's exhibit 48 is identified as "Emails related to employment status, including: a. – xx." The defendants object to Exhibit 48 in part on its untimely disclosure and inclusion in the Pretrial Order as of yesterday. Having heard arguments from counsel, Exhibit 48 is stricken based on timeliness and has been removed from the Pretrial Order as have the defendants' objections to Exhibit 48.

3. Defendants' exhibit D26 is identified as "[l]ist of other property and casualty companies Britt could write for (MFB-BRITT.61-62)." The plaintiff's objection to D26 states "(Not enough info to object.)" Consistent with the court's ruling at the Final Pretrial

  Conference, the defendants' explanation as to the contents of D26 is sufficient, and the plaintiff's objection is stricken and removed from the Pretrial Order.

4. The defendants' exhibit D46 is identified as "[e]mails in which Britt uses the word "girl," "ladies," "boy," "guy," "sweetie," "boo", "baby", and similar to refer to herself or others, including **but not limited to** those in ECF 289-2." The plaintiff's objection to D46 states "(Not enough info to object)." The defendants' agreed to remove the language "but not limited to" (as emphasized herein), and the court is satisfied with the defendants' explanation as to the contents of D46. The defendants' exhibit D46 will remain in the Pretrial Order as "[e]mails in which Britt uses the word "girl," "ladies," "boy," "guy," "sweetie," "boo", "baby", and similar to refer to herself or others, including those in ECF 289-2" with the enumerated list that follows, and the plaintiff's objection has been removed.

5. The defendants' exhibit D48 is identified as "**[a]ll** emails between Britt and Cole, **including but not limited to**." The plaintiff similarly objected to this exhibit, and the defendants' agreed to remove "all" and "including but not limited to" (as emphasized herein). Accordingly, the plaintiff's objection "(Need more info for obj)" has been removed. The defendants' exhibit D48 will remain in the Pretrial Order as "emails between Britt and Cole" with the enumerated list that follows.

6. The defendants' exhibit D49 is identified as "**[a]ll** emails relevant to secretarial assistance, **including but not limited to**." The plaintiff similarly objected to this exhibit, and the defendants' agreed to remove "all" and "including but not limited to" (as emphasized herein). Accordingly, the plaintiff's objection "(Need more info)" has been

removed. The defendants' exhibit D49 will remain in the Pretrial Order as "emails relevant to secretarial assistance" with the enumerated list that follows.

7. During the teleconference, the defendants withdrew exhibit D50 in response to the plaintiff's objection that it had not been produced. The Defendants' exhibit D50 and the corresponding objection have been removed from the Pretrial Order.

8. Generally, the court has removed all of the plaintiff's and the defendants' objections to exhibits where the specified evidentiary ground stated is "none."

9. The court's May 17, 2024 Order addressed the defendants' objections to several of the plaintiff's witnesses and exhibits and ordered the following witnesses stricken from the Pretrial Order: Jason Baker, Clint Buckley, Steve Harbour, Brett Hawkins, Brian Miley, Jason Norman, Riley Saunders, Keegan Bumpous, Jason Stinson, Lawson Davis, and Tracy Whitt. Accordingly, those witnesses and the corresponding objections from the defendants (objections 1 and 2) have been removed.

10. The defendants' object to the plaintiff's inclusion of Bo Ferguson as a fact and liability witness on the basis that he was not identified in discovery and his testimony was not adequately disclosed under the Federal Rules of Civil Procedure. The defendants further object stating plaintiff never provided Bo Ferguson's contact information, and he was added to the Pretrial Order yesterday. Having heard arguments from counsel, Bo Ferguson is stricken from the Pretrial Order because he was not properly or timely disclosed as a witness. Accordingly, Bo Ferguson and the corresponding objections from the defendants (objections 2, 3, and 4) are removed from the Pretrial Order.

11. The defendants notified the court at the Final Pretrial Conference that Brenda Wheat, a witness identified by both the plaintiff and the defendants, may provide medical evidence

indicating she is unable to testify. The court now understands Ms. Wheat has moved outside the subpoena power of the court. Accordingly, the parties shall be prepared to argue any objections to the portions of her deposition testimony identified for use at trial in the Pretrial Order.

The Pretrial Order has been revised consistent with the court's rulings herein and will be submitted to the District Judge.

    SO ORDERED, this the 24th day of May, 2024.

                                    **/s/ David A. Sanders**  
                                    **UNITED STATES MAGISTRATE JUDGE**