IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

MEGAN BRITT                                                          PLAINTIFF

VS.                                      CIVIL ACTION NO.: 1:17-cv-219-GHD-DAS
MISSISSIPPI FARM BUREAU CASUALTY
INSURANCE COMPANY; and SOUTHERN
FARM BUREAU LIFE INSURANCE COMPANY                      DEFENDANTS

## ORDER GRANTING IN PART DEFENDANTS' REQUEST FOR RULE 54 COSTS

On December 28, 2017, the Plaintiff commenced this action against the Defendants [1]. The case, after being reassigned to this Court on August 14, 2023, proceeded to trial before a jury on June 3, 2024. On June 7, 2024, the jury returned a verdict in favor of the Defendants on the Plaintiff's claims [423] and the Court entered judgment in favor of the Defendants on June 11, 2024 [424].

The Defendants have now filed a bill of costs [435] in which they seek a total costs award of \$11,001.13. The Plaintiff has objected [438, 440]. For the following reasons, the Court finds that the Defendants' request for costs should be granted in part.

Rule 54(d)(1) of the Federal Rules of Civil Procedure controls where a party seeks to recover costs, and it provides in relevant part that "costs—other than attorney's fees—should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1). "Rule 54(d)(1) codifies a venerable presumption that prevailing parties are entitled to costs. Notwithstanding this presumption, the word 'should' makes clear that the decision whether to award costs ultimately lies within the sound discretion of the district court." *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 375-76 (2013). "The trial court has broad discretionary powers in taxing costs . . . . While [Rule 54(d)(1)] does not prevent a trial court from requiring a prevailing party to bear its own costs, the language of the rule reasonably bears the intendment that the prevailing party is prima facie

1

entitled to costs." *Kent v. Vicksburg Healthcare, L.L.C.*, 534 F. App'x 229, 230 (5th Cir. 2013) (per curiam) (quoting *Walters v. Roadway Express, Inc.*, 557 F.2d 521, 526 (5th Cir. 1977) (citations and internal quotation marks omitted)). "[I]t is incumbent on the losing party to overcome that presumption." *Id.* (quoting *Walters*, 557 F.2d at 526) (citation and internal quotation marks omitted). If the party against whom costs are taxed objects, the party seeking costs has the burden of supporting its request with evidence documenting the costs incurred, and proof, if applicable, as to whether the challenged amount was necessarily incurred in the case. *Fogleman v. ARAMCO*, 920 F.2d 278, 285–86 (5th Cir. 1991).

The following six categories of costs are recoverable:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. A district court may decline to award costs within the statutory categories, but it may not award costs outside those categories. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–42, 107 S. Ct. 2494, 96 L. Ed. 2d 385 (1987). The "Supreme Court has indicated that federal courts may only award those costs articulated in [S]ection 1920 absent explicit statutory or contractual authorization to the contrary." *Cook Children's Med. Ctr. v. The New England PPO Plan of Gen. Consolidation Mgmt. Inc.*, 491 F.3d 266, 274 (5th Cir. 2007).

2

In the case *sub judice*, the Defendants seek to recover their costs incurred in the filing of an interlocutory appeal ($505.00), service of summons ($280.00), deposition and transcript fees ($8,687.08), printing and copying costs ($278.75), witness fees and disbursements ($798.00), and other costs ($452.30), which include the cost of obtaining the Plaintiff's tax returns ($270.00) and medical records ($182.30).

As for the Clerk's fees ($505.00), witness fees and disbursements ($798.00), printing and copying costs ($278.75), and the deposition and transcript fees ($8,687.08), the Court finds that pursuant to 28 U.S.C. § 1920, Rule 54(d)(1), and applicable authority, these costs are reasonable and recoverable. The Defendants have adequately supported their request with itemized receipts for each of these categories and has provided sufficient supporting documentation and justification for these expenses. The Court shall therefore grant the Defendants' request for an award of costs for these items. The Court finds, however, that the remainder of the costs the Defendants seek, for service of summons ($280.00) and the other costs claimed (total of $452.30), which total $732.30, are not recoverable. See, e.g., *Marmilion v. American International Insurance Co.*, 381 Fed.Appx. 421, 431 (5th Cir. 2010) (holding that "[i]n this circuit, 'absent exceptional circumstances, the costs of a private process server are not recoverable under Section 1920'"). The Defendants' request for reimbursement of those costs, therefore, shall be denied.

## Conclusion

In sum, the Defendants' bill of costs [435] is GRANTED IN PART and DENIED IN PART, as described above. The Plaintiff is TAXED the amount of $10,268.83 as COSTS in this action.

THIS, the _____ day of August, 2024.

_____
SENIOR U.S. DISTRICT JUDGE

4